UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

MARK A. LAMARTINA, )
)
Plaintiff, )
)
v. )   No. 4:13CV1458 RLW
)
CITY OF NEW MELLE, MO, et al., )
)
Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Motion for Summary Judgment (ECF No. 26) and Plaintiff's Motion for Summary Judgment (ECF No. 29). The motions are fully briefed and ready for disposition. Upon consideration of the motions and related memoranda, the Court will grant the Defendants' Motion for Summary Judgment, in part, and deny the Plaintiff's Motion for Summary Judgment. For the reasons set forth below, the Court will also dismiss without prejudice those claims that are not ripe for review.

## Background

Plaintiff Mark A. Lamartina, Jr. was the owner and operator of New Melle Gun & Pawn ("Gun Shop"), a retail establishment for the sale, repair, and maintenance of firearms. (Compl. ¶ 9, ECF No. 1) Plaintiff Lamartina also trained the general public on firearm use and held training classes for persons interested in obtaining and maintaining a carrying concealed weapons ("CCW") license from the State of Missouri. (Compl. ¶ 9, ECF No. 1) The CCW classes included discharging firearms in an open barn. (Defs.' Statement of Uncontroverted Material Facts ("SUMF") ¶¶ 11, 15-16, 29, ECF No. 27) Plaintiff purchased the business from

the former owner, Jill McClelland, in July of 2011, and he purchased the land upon which the Gun Shop was located ("Property") in 2012. (Compl. ¶¶ 8, 11, ECF No. 1)

According to Plaintiff Lamartina, a zoning ordinance passed in 2005 classified the Property under the C-1 zoning district, "retail trade not elsewhere listed", and was defined as a conditional use. (*Id.* at ¶¶ 12-17, ECF No. 1) Plaintiff contends that the prior owner operated the business of retail sale, repair, and maintenance of firearms, as well as training on firearm use open to the general public on the property, which included the discharge of firearms. (*Id.* at ¶ 18) Plaintiff continued to operate the business in the same manner, and he asserts that the new ordinance transformed the conditional use into a conforming use. (*Id.* at ¶¶ 19-22) While Jill McClelland allowed test firing and some instruction, she never had groups of 20 people at a time firing pursuant to a CCW class. (Defs.' SUMF ¶¶ 22, 44, ECF No. 27) Plaintiff maintains that the Defendant City and Defendant City employees knew he intended to hold CCW classes on the Property, which classes commenced on October 8, 2011. (*Id.* at ¶ 23) However, Defendants later notified Plaintiff of a City Municipal Code that prohibited the discharge of firearms within the City limits. (*Id.* at ¶ 24) Pursuant to meetings between the City Board of Aldermen and Plaintiff's father, Mark Lamartina, Sr., the City amended the code to allow Plaintiff and his business to continue its activities, including the discharge of firearms. (*Id.* at ¶¶ 25-26)

In August of 2012, Plaintiff was offered another property outside the New Melle city limits to purchase and open an indoor firing range with a commercial sales area, in addition to a classroom to conduct CCW courses. (*Id.* at ¶ 27) Plaintiff claims, however, that he withdrew from the contract after the Mayor persuaded him to remain in the City of New Melle. (*Id.*) In late 2012 or early 2013, the City informed Plaintiff Lamartina that it had reinterpreted the zoning ordinance and told Plaintiff and the Gun Shop to request a conditional use permit to conduct

CCW classes. (*Id.* at ¶ 28) The classes were held in a different location, with the firearms portion of the CCW classes conducted in the barn on the Property. (Defs.' SUMF ¶¶ 33-37, ECF No. 27) Plaintiff filed a conditional use permit application and appeared at hearing before the Planning and Zoning Commission, during which time the City's attorney made a public statement indicating that Plaintiff and the Gun Shop did not need a conditional use permit to continue operating the business. (Compl. ¶ 29, ECF No. 1) Plaintiff Lamartina subsequently withdrew his conditional use permit application. (*Id.* at ¶ 30) However, after an election and change of the composition of the Board of Aldermen, the board determined that Plaintiff must apply for a conditional use permit in order to conduct the CCW classes. (*Id.* at ¶ 29) Persons opposed to granting a conditional use permit expressed concerns over noise and possible stray bullets. (Defs.' SUMF ¶ 56, ECF No. 27)

On March 29, 2013, the City of New Melle issued a "Notice of Violations Cease and Desist Order" demanding that Plaintiff cease all CCW classes, which included discharging firearms, held on the Property until Plaintiff Lamartina obtained a conditional use permit. (Compl. ¶ 31, ECF No. 1) Plaintiff appealed but was notified that the cease and desist order was not appealable to the Board of Adjustment because it was not an administrative order. (*Id.* at ¶ 34) Plaintiff Lamartina also filed a Petition for Declaratory Judgment, Injunction and Temporary Restraining Order in the Circuit Court of St. Charles County but voluntarily dismissed the action. (Defs.' SUMF ¶¶ 80-85, ECF No. 27) Plaintiff claims that he purchased the Property based on the City's representations and has since closed his business due to diminished sales at the Gun Shop. (Compl. ¶¶ 39-40, ECF No. 1)

On July 26, 2013, Plaintiff Lamartina filed a Complaint in federal court against the City of New Melle, Missouri; Don Hendrich, the New Melle Mayor; and current and former members

3

of the New Melle Board of Aldermen, William Pollihan, Doug Bice, Darla Green, Chad Troup, Gary Schneider, and Nik Bradley. Count I asserts a claim under 42 U.S.C. § 1983, that Defendants violated his substantive and procedural due process rights under the Fifth and Fourteenth Amendments. Plaintiff claims a Fifth Amendment Violation under the Takings Clause in Count II. In Counts III and IV, Plaintiff alleges state law claims: a violation of Article I, § 26 of the Missouri Constitution, Takings Clause, and a violation of the Missouri Sunshine Law, Mo. Rev. Stat. § 610. The Defendants and the Plaintiff have filed cross motions for summary judgment in this matter.

## Legal Standards

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant a motion for summary judgment only if all of the information before the court show "there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The court must view the evidence and all reasonable inferences in the light most favorable to the non-moving party. *Hutson v. McDonnell Douglas Corp.*, 63 F.3d 771, 775 (8th Cir. 1995). The moving party has the initial burden to establish the non-existence of any genuine issue of fact that is material to a judgment in its favor. *City of Mt. Pleasant, Iowa v. Associated Elec. Co-op., Inc.*, 838 F.2d 268, 273 (8th Cir. 1988). Once this burden is discharged, if the record does in fact bear out that no genuine dispute exists, the burden then shifts to the non-moving party, who must set forth affirmative evidence and specific facts showing there is a genuine dispute on that issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

When the burden shifts, the non-moving party may not rest on the allegations in its pleadings, but by affidavit and other evidence must set forth specific facts showing that a

genuine issue of material fact exists. Fed. R. Civ. P. 56(e). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986). In fact, the non-moving party must present sufficient evidence favoring the non-moving party which would enable a jury to return a verdict for that party. *Anderson,* 477 U.S. at 249; *Celotex,* 477 U.S. at 324. Self-serving, conclusory, statements, standing alone, are insufficient to defeat a well-supported motion for summary judgment. *O'Bryan v. KTIV Television,* 64 F.3d 1188, 1191 (8th Cir. 1995).

"Under Federal Rule of Civil Procedure 12(b)(1), a party is permitted to challenge a federal court's jurisdiction over the subject matter of the complaint." *Archdiocese of St. Louis v. Sebelius,* 920 F. Supp. 2d 1018, 1023 (E.D. Mo. 2013) (citation omitted). The party that invokes federal jurisdiction has the burden of establishing that the court has subject matter jurisdiction to grant the relief requested. *Id.* (citation omitted). Further, when a party challenges a federal court's subject matter jurisdiction based on the factual truthfulness of the assertions, the court may consider matters outside the pleadings, including testimony and affidavits. *Id.* (citation and internal quotation omitted).

## Discussion

### I. Ripeness

At the outset, Defendants argue that Plaintiff's due process claims in Count I and takings claim in Count II are not ripe for adjudication because Plaintiff failed to exhaust his state remedies. Defendants request that the Court dismiss those claims without prejudice for lack of subject matter jurisdiction. The Court finds that Plaintiff's procedural due process claim under the Fourteenth Amendment and his federal takings claim under the Fifth Amendment are not ripe

5

for federal review.

Ripeness is a threshold issue in determining subject matter jurisdiction. *Saba v. City of Farmington*, No. 4:05CV02000-RWS, 2006 WL 897153, at *1 (E.D. Mo. March 31, 2006). "[W]here the alleged constitutional violation is one of procedural due process, exhaustion of state remedies is necessary before the allegations can state a claim under § 1983." *Westmoreland Real Estate, L.L.C. v. City of St. Louis, Mo.*, No. 4:11CV1648 CDP, 2012 WL 2458403, at *5 (E.D. Mo. June 27, 2012). "A constitutional case involving land use regulation is not ripe for federal adjudication unless the plaintiff has first submitted a request to the local use authority for a variance from the regulation." *Id.* (citing *Williamson Cnty Reg'l Planning Comm'n v. Hamilton Bank*, 473 U.S. 172, 186 (1985)). Thus, "[r]ipeness requires a final, definitive position as to how the landowner can use the property." *Id.* (citing *Williamson Cnty*, 473 U.S. at 186). The purpose of this rule allows a property owner to obtain relief without requiring judicial entanglement in constitutional disputes. *Id.* (citing *Murphy v. New Milford Zoning Comm'n*, 402 F.3d 342, 348 (2nd Cir. 2005)). The proper procedure for dismissing a case that is not ripe for adjudication is a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1). *Wax 'n Works v. City of St. Paul*, 213 F.3d 1016, 1020 (8th Cir. 2000); *Westmoreland Real Estate,* 2012 WL 2458403, at *5.

Here, the record demonstrates that Plaintiff Lamartina initially filed, then withdrew, an application for a conditional use permit. While Plaintiff contends that his withdrawal was based on the city attorney's testimony that a zoning ordinance in 2005 transformed the land to a conforming use, he did not take the appropriate steps to re-apply for the permit when he received the Cease and Desist Order from the Mayor. That order instructed Plaintiff to obtain a conditional use permit in order to continue the CCW classes on the Property, which pertained to

the discharge firearms. The Cease and Desist Order did not prohibit the sales of ammunition and firearms in the Gun Shop. However, while Plaintiff did file an appeal of the order to the Board of Adjustment, he did not follow the proper procedure and submit a conditional use application again, which would have allowed a final and definitive position by the City and the Board of Aldermen regarding the CCW classes and firing range. Instead, Plaintiff Lamartina ceased holding classes.

Further, despite the fact that Plaintiff argues he had no available remedies, Missouri statute allows a circuit court to declare rights pertaining to land, and such declarations have the force and effect of a final judgment. Mo. Rev. Stat. § 527.010. Likewise, a party whose rights are affected by a municipal ordinance may have a court determine the validity under the ordinance. Mo. Rev. Stat. § 527.020. Indeed, Plaintiff filed a state court petition in St. Charles County Circuit Court requesting a temporary restraining order staying the Cease and Desist Order, as well as a declaration that the City had no jurisdiction to require Plaintiff to obtain a conditional use permit because the use of the property was a conforming use under the zoning ordinance. (Defs.' Ex. D, ECF No. 26-4) However, he voluntarily dismissed said Petition for Declaratory Judgment, Injunction and Temporary Restraining Order, thus preventing the state court from rendering a final decision. (*Id.*) In sum, because the decision regarding Plaintiff's property rights was never final, either through the City of New Melle or the state court, his § 1983 claim for alleged violations of procedural due process under the Fourteenth Amendment must be dismissed because it is not ripe for federal adjudication. *Saba*, 2006 WL 897153, at *2; *Wax 'n Works*, 213 F.3d at 1020 (dismissing federal procedural due process claims where the plaintiff had not exhausted available state remedies, including seeking judicial review by a state appellate court).

7

Plaintiff also claims that Defendants took his property and ability to conduct a legal business without due process or compensation by misinterpreting the zoning ordinance and erroneously requiring Plaintiff to apply for a conditional use permit in violation of the Fifth Amendment (Count II) and Article I, § 26 of the Missouri Constitution (Count III). Defendants argue that these claims also are not ripe for adjudication. The Court agrees with the Defendants.

"The [F]ifth [A]mendment provides that private property [shall not] be taken for public use without just compensation." *Wintercreek Apartments of St. Peters v. City of St. Peters*, 682 F. Supp. 989, 992 (E.D. Mo. 1988) (internal quotation omitted). "A claim that the application of a zoning ordinance effects a taking is not ripe for constitutional review until the government entity charged with implementing the challenged ordinance has reached a final decision regarding the application of the ordinance to the property in question." *Id.* at 992-93 (citations omitted). Additionally, a federal court may not review a takings claim until the property owner first seeks compensation through available state procedures. *Id.* at 993; *Westmoreland Real Estate*, 2012 WL 2458403, at *5. In Missouri, an inverse condemnation remedy is available to Plaintiff such that he could receive compensation through a state court procedure. *Wintercreek Apartments*, 682 F. Supp. At 993. An action to recover compensation for takings is also available through Mo. Const. art. I, § 26. *Westmoreland Real Estate*, 2012 WL 2458403, at *5.

Here, however, Plaintiff failed to seek a conditional use permit, which could have allowed him to continue holding CCW classes and discharging firearms. *See Williamson*, 473 U.S. at 188-189 (finding respondent's claim not ripe where respondent failed to file an application or written requests for a variance from the zoning requirements). Additionally, Plaintiff has not sought an inverse condemnation remedy in state court to redress the alleged taking caused by the zoning ordinance referenced in the Cease and Desist Order. "Until

8

Missouri courts have denied plaintiffs their 'right to assert such a claim or denied them damages in such an action,' plaintiffs' claim of taking without just compensation is not ripe for decision by a federal court." *Wintercreek Apartments*, 682 F. Supp. at 993.

An exception to the exhaustion requirement is available where state remedies are inadequate or unavailable. *Cormack v. Settle-Beshears*, 474 F.3d 528, 531 (8th Cir. 2007). Here, however, Plaintiff has failed to demonstrate that the state remedies were inadequate. Indeed, he brings an inverse condemnation claim pursuant to the Missouri Constitution in Count III, where he alleges that the Defendants illegally seized his property without just compensation. (Compl. ¶¶ 59-63, ECF No. 1) "Because plaintiff[] in this case [has] not yet been denied just compensation from the state – as evidenced by the filing of [his] complaint in this court rather than state court, . . . [his] federal and state takings claims are not ripe for adjudication." *Westmoreland Real Estate*, 2012 WL 2458403, at *6. As such, this Court must dismiss these claims without prejudice. *Id; see also Owens v. City of St. Louis*, No. 4:03CV52 RWS, 2005 WL 2033425, at *6 (E.D. Mo. Aug. 18, 2005) (dismissing without prejudice the claims under the takings clause and for inverse condemnation "because the law requires that this this claim must be exhausted in state court"). Therefore, the Court dismisses without prejudice Plaintiff's procedural due process claim in Count I, Fifth Amendment takings claim in Count II, and state takings claim in Count III because they are not ripe for federal adjudication.

## II. Count I, § 1983 Civil Rights Violations

After dismissal of Plaintiff's procedural due process claim in Count I, he has remaining civil rights violation claims under §1983 for deprivation of due process pursuant to the Fifth Amendment and substantive due process under the Fourteenth Amendment. With regard to Plaintiff's substantive due process claims, Defendants argue that no genuine issue of material

9

fact exists and that Defendants are entitled to judgment as a matter of law. The Court agrees.

"To establish a violation of substantive due process rights by an executive official, a plaintiff must show (1) that the official violated one or more fundamental constitutional rights, and (2) that the conduct of the executive official was shocking to the 'contemporaneous conscience.'" *Flowers v. City of Minneapolis, Minn.*, 478 F.3d 869, 873 (8th Cir. 2007) (quoting *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 847 n.8 (1998)). The Eighth Circuit Court of Appeals has noted that, with regard to substantive due process claims, "state-law error, no matter how fundamental, cannot in and of itself create a federal due-process violation." *Chesterfield Dev. Corp. v. City of Chesterfield*, 963 F.2d 1102, 1105 (8th Cir. 1992) (citations omitted). Further, "the theory of substantive due process is properly reserved for the truly egregious and extraordinary cases . . . ." *Myers v. Scott Cnty.*, 868 F.2d 1017, 1018 (8th Cir. 1989).

The Defendants correctly note that Plaintiff Lamartina cannot maintain a substantive due process claim because he has failed to demonstrate that the state action shocked the conscience. The facts show that the Defendants issued the Cease and Desist Order relating only to the CCW classes held on the Property, not the operation of the gun shop, which could continue sales of guns and ammunition. Although Plaintiff was told to apply for a conditional use permit, he declined to do so. Plaintiff claims that he did not need a conditional use permit based on the statements of the City Attorney Stephanie Karr that Plaintiff was in compliance with the 2005 zoning ordinance. Plaintiff Lamartina maintains that issuing the Cease and Desist Order was contrary to Ms. Karr's statement and Defendants' own ordinance, such that the order shocked the conscience. However, the facts indicate that Ms. Karr recommended that the Mayor issue the Cease and Desist Order. (Defs.' Mot. for Summ. Ex 3, Hendrich Depo. 42, lines 11-23, ECF No. 26-3) Further, at a later hearing before the Board of Aldermen, Ms. Karr stated that the board

10

applied a more limited construction of the ordinance in question, which did not take away vested activities from the property but required a conditional use permit for activities that were not in existence on October 19, 2005. (Defs' Mem. in Opp'n, Ex. 1, Board of Aldermen Meeting Transcript, pp. 50-51, ECF No. 33-1). New Melle citizens expressed concerns over the noise of gunfire, as well as possible safety issues from stray bullets, thus precipitating the conditional use requirement. (*Id.* at pp. 7-37) Thereafter, the Defendants followed the advice of the City Attorney and issued the Cease and Desist Order.

For Plaintiff to meet the burden of proving a substantive due process claim, he must show "that the government action complained of is 'truly irrational, that is, something more than . . . arbitrary, capricious, or in violation of state law.'" *Westmoreland Real Estate*, 2012 WL 2458403, at *4 (quoting *Christiansen v. W. Branch Cmty. Sch.Dist.*, 674 F.3d 927, 937 (8th Cir. 2012)). Indeed, although Plaintiff argues that the Defendants intentionally disregarded Plaintiff's constitutional protections, he merely calls the actions by the Defendants "incompetent" in his motion for summary judgment. (Pl.'s Mem. in Support of Mot. for Summ. J. 11, ECF No. 30) Further, Plaintiff's claim centers on Defendants' alleged misapplication of the zoning ordinance. (*Id.*) In cases involving property rights, "[a] misreading of an ordinance and its consequent violation of state law do not give rise to an action for violation of substantive due process." *Rozman v. City of Columbia Heights*, 268 F.3d 588, 593 (8th Cir. 2001) (citations omitted). Even if Defendants acted in bad faith, this is insufficient to sustain a substantive due process claim. *Saba*, 2006 WL 897153, at *2 (citing *Chesterfield Dev. Corp.*, 963 F.2d at 1104). Here, the facts alleged by Plaintiff do not meet the high threshold of a substantive due process violation. Therefore, the Court finds that no genuine issue of material fact exits with regard to Plaintiff's claim that Defendants violated his right to substantive due process.

Plaintiff also alleges a claim for violation of due process under the Fifth Amendment. Defendant correctly states that the Due Process Clause of the Fifth Amendment applies to federal government action. *Warren v. Gov't Nat'l Mortg. Ass'n*, 611 F.2d 1229, 1232 (8th Cir. 1980). Because Plaintiff's claims are against local government officials, he may not sustain a Fifth Amendment due process action. *Hess v. Ables*, 714 F.3d 1048, 1053 (8th Cir. 2013) (finding a claim under the Fifth Amendment Due Process Clause unsustainable against non-federal government defendants). Thus, Defendants are entitled to summary judgment on this claim.

### III. Violation of Missouri Sunshine Law, Mo. Rev. Stat. § 610

Finally, Plaintiff raises a claim for a violation of the Missouri Sunshine law, arguing that Defendants refused to provide him with requested documents. Defendants maintain that Plaintiff has failed to allege a claim, thus warranting dismissal. The Court declines to exercise supplemental jurisdiction over this state claim, as Plaintiff has issues that must be litigated in state court. Thus, the Court will dismiss this claim without prejudice.

### IV. Plaintiff's Motion for Summary Judgment

Because the Court finds that summary judgment in favor of Defendants on the substantive due process and Fifth Amendment due process claims, as well as dismissal of the remaining claims, is appropriate in this case, little discussion regarding Plaintiff's summary judgment motion is warranted. However, as stated above, while Plaintiff Lamartina contends that he has demonstrated that Defendants violated his substantive and procedural due process rights, the Court finds that Plaintiff has not shown that the Defendants' behavior shocked the conscience or that Defendants denied Plaintiff the ability to have his claim reviewed. *Flowers*, 478 F.3d at 873; *Wax 'n Works*, 213 F.3d at 1019. Instead, Plaintiff had adequate state court remedies yet failed to exhaust those remedies, rendering his claims not ripe for federal review.

*Wax 'n Works*, 213 F.3d at 1019.  Finally, Plaintiff has failed to show that he is entitled to summary judgment on his federal takings claims because he has not obtained a final decision from the City, nor has he filed an appropriate inverse condemnation action in state court. *Wintercreek Apartments*, 682 F. Supp. at 993.  Likewise, his state takings claim fails, as Plaintiff should have brought this claim in state court before filing a federal action.  *CIS Commc'ns*, 177 S.W.3d 848 at 850-51; *Owens v. City of St. Louis*, No. 4:03CV52 RWS, 2005 WL 2033425, at *6 (E.D. Mo. Aug. 18, 2005).  Therefore, the Court finds the Plaintiff Lamartina is not entitled to summary judgment on his Complaint.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 26) is **GRANTED** as to the substantive due process and Fifth Amendment due process claims contained in Count I.

**IT IS FURTHER ORDERED** that Plaintiff's claims for a violation of procedural due process in Count I, violation of the Fifth Amendment takings clause in Count II, violation of Article I, § 26 of the Missouri Constitution takings clause in Count III, and violation of the Missouri Sunshine Law, Mo. Rev. Stat. § 610 in Count IV, are **DISMISSED** without prejudice.

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Summary Judgment (ECF No. 29) is **DENIED.**

Dated this 22nd day of December, 2014.

*Ronnie L. White*

RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE